# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: April 9, 2019

| | | |
|---|---|---|
| * * * * * * * * * * * * | * | |
| ANDREW BARTOSIEWICZ *and* | * | |
| LONYA BARTOSIEWICZ, *as parents* | * | |
| *and natural guardians of* J.B., *a minor,* | * | UNPUBLISHED |
| | * | |
| Petitioners, | * | No. 17-1988V |
| | * | |
| v. | * | Special Master Gowen |
| | * | |
| SECRETARY OF HEALTH | * | Diphtheria-Tetanus-Acellular |
| AND HUMAN SERVICES, | * | Pertussis ("DTaP"); Hepatitis A |
| | * | ("Hep A"); Febrile Seizures; |
| Respondent. | * | Encephalitis; Stipulation. |
| * * * * * * * * * * * * | * | |

Jeffrey A. Golvash, Brennan, Robins & Daley, P.C., Pittsburgh, PA, for petitioner.
Ryan D. Pyles, United States Department of Justice, Washington, DC, for respondent.

### DECISION ON STIPULATION[1]

On December 20, 2017, Andrew Bartosiewicz and Lonya Bartosiewicz ("petitioners"), on behalf of their minor child J.B., filed a petition for compensation under the National Vaccine Injury Compensation Program.[2] Petition (ECF No. 1). J.B. received diphtheria-tetanus-acellular pertussis ("DTaP") and Hepatitis A ("Hep A") vaccines on or about January 12, 2015. Stipulation filed April 9, 2019 (ECF No. 29) at ¶ 2. Petitioners alleged that the DTaP and Hep A vaccines, either singly or in combination, caused J.B. to develop "febrile seizures and/ or encephalitis," and that J.B. experienced the residual effects of this injury for more than six months. *Id.* at ¶ 4.

---

[1] In accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012), because this opinion contains a reasoned explanation for the action in this case, **this opinion will be posted on the website of the United States Court of Federal Claims**. This means the opinion will be available to anyone with access to the internet. As provided by 42 U.S.C. § 300aa-12(d)(4)B), however, the parties may object to the published Decision's inclusion of certain kinds of confidential information. Specifically, Under Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). **If neither party files a motion for redaction within 14 days, the entire opinion will be posted on the website and available to the public in its current form.** *Id.*

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

On April 9, 2019, respondent filed a stipulation providing that a decision should be entered awarding compensation to petitioners.  Stipulation.  Respondent denies that the DTaP and Hep A vaccines, either singly or in combination, caused J.B.'s alleged seizures/ and or encephalitis, or any other injury.  *Id.* at ¶ 6.  Maintaining their respective positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding compensation according to the terms of the stipulation attached hereto as Appendix A.  *Id.* at ¶ 7.

The stipulation awards:

1) **A lump sum payment of $864.02, representing compensation for satisfaction of a Commonwealth of Pennsylvania Medicaid lien, in the form of a check payable jointly to petitioners and:**

   **Commonwealth of Pennsylvania**
   **Bureau of Program Integrity**
   **Division of Third Party Liability**
   **Recovery Section**
   **P.O. Box 8486**
   **Harrisburg, PA 17105-8486**

   **Petitioners agree to endorse this payment to the Commonwealth.**

2) **A lump sum of $50,000.00, in the form of a check payable jointly to petitioners, as guardians/ conservators of the estate of J.B.  This amount represents all remaining compensation for damages that would be available under 42 U.S.C. § 300aa-15(a).**

No payments pursuant to this stipulation shall be made until petitioners provide the Secretary with documentation establishing their appointment as guardians/ conservators of J.B.'s estate.  Stipulation at ¶ 12.

I find the stipulation reasonable and I adopt it as the decision of the Court in awarding damages, on the terms set forth therein.  Accordingly, the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of the parties' stipulation.[3]

**IT IS SO ORDERED.**

                                                           <u>s/Thomas L. Gowen</u>
                                                           Thomas L. Gowen
                                                           Special Master

---

[3] Entry of judgment is expedited by each party's filing notice renouncing the right to seek review.  Vaccine Rule 11(a).

THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

ANDREW BARTOSIEWICZ and LONYA
BARTOSIEWICZ, parents and natural
guardians of J.B., a minor,

        Petitioners,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

        Respondent.

No. 17-1988V
Special Master Thomas L. Gowen
ECF

## STIPULATION

The parties hereby stipulate to the following matters:

1. On behalf of their minor child, J.B., petitioners filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §§ 300aa-10 to 34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to J.B.'s receipt of a diphtheria-tetanus-acellular pertussis (DTaP) vaccine and/or a Hepatitis A (Hep A) vaccine, which vaccines are contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3(a).

2. J.B. received the DTaP and Hep A vaccines on or about January 12, 2015.

3. The vaccines were administered within the United States.

4. Petitioners allege that the DTaP and Hep A vaccines, either singly or in combination, caused J.B. to develop "febrile seizures and/or encephalitis," and that J.B. experienced the residual effects of this injury for more than six months.

1

5. Petitioners represent that there has been no prior award or settlement of a civil action for damages on behalf of J.B. as a result of her alleged condition.

6. Respondent denies that the DTaP and Hep A vaccines, either singly or in combination, caused J.B.'s alleged febrile seizures and/or encephalitis, and/or any other injury.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioners have filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payments:

    a. A lump sum payment of **$864.02**, representing compensation for satisfaction of a Commonwealth of Pennsylvania Medicaid lien, payable jointly to petitioners and:

> Commonwealth of Pennsylvania
> Bureau of Program Integrity
> Division of Third Party Liability
> Recovery Section
> P.O. Box 8486
> Harrisburg, PA 17105-8486.

Petitioners agree to endorse this payment to the Commonwealth; and

    b. A lump sum of **$50,000.00** in the form of a check payable to petitioners, as guardians/conservators of the estate of J.B. This amount represents all remaining compensation for damages that would be available under 42 U.S.C. § 300aa-15(a).

9. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioners have filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before

the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

10. Petitioners and their attorney represent that they have identified to respondent all known sources of payment for items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), including State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or entities that provide health services on a pre-paid basis.

11. Payments made pursuant to paragraph 8 and any amounts awarded pursuant to paragraph 9 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

12. Petitioners represent that they presently are, or within 90 days of the date of judgment will become, duly authorized to serve as the guardians/conservators of J.B.'s estate under the laws of the Commonwealth of Pennsylvania. No payments pursuant to this Stipulation shall be made until petitioners provide the Secretary with documentation establishing their appointment as guardians/conservators of J.B.'s estate. If petitioners are not authorized by a court of competent jurisdiction to serve as guardians/conservators of the estate of J.B. at the time a payment pursuant to this Stipulation is to be made, any such payment shall be paid to the party or parties appointed by a court of competent jurisdiction to serve as guardian(s)/conservator(s) of the estate of J.B. upon submission of written documentation of such appointment to the Secretary.

13. The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees and litigation costs, and past unreimbursable expenses, the money provided pursuant to this Stipulation will be used solely for the benefit of J.B. as contemplated by a strict

construction of 42 U.S.C. § 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

14. In return for the payments described in paragraphs 8 and 9, petitioners, in their individual capacities and as legal representatives of J.B., on behalf of themselves, J.B., and J.B.'s heirs, executors, administrators, successors and/or assigns, do forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of J.B. resulting from, or alleged to have resulted from, the DTaP and/or Hep A vaccines administered on or about January 12, 2015, as alleged by petitioner in a petition for vaccine compensation filed on or about December 20, 2017, in the United States Court of Federal Claims as petition No. 17-1988V.

15. If J.B. should die prior to entry of the judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

16. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

17. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except

as otherwise noted in paragraph 9 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

18. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the DTaP and Hep A vaccines, either singly or in combination, caused and/or significantly aggravated J.B.'s alleged febrile seizures, encephalitis, and related sequelae, and/or any other injury.

19. All rights and obligations of petitioners hereunder shall apply equally to petitioners' heirs, executors, administrators, successors, and/or assigns, as legal representative(s) of J.B.

END OF STIPULATION

/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/

Respectfully submitted,

**PETITIONERS:**

*[signature]*
ANDREW BARTOSIEWICZ,
on behalf of J.B.

*[signature]*
LONYA BARTOSIEWICZ,
on behalf of J.B.

**ATTORNEY OF RECORD FOR PETITIONERS:**

*[signature]*
JEFFREY A. GOLVASH
BRENNAN, ROBINS & DALEY, P.C.
Fort Pitt Commons, Suite 200
445 Fort Pitt Boulevard
Pittsburgh, PA 15219-1322
(412) 281-0776

**AUTHORIZED REPRESENTATIVE OF THE ATTORNEY GENERAL:**

*[signature]*
CATHARINE E. REEVES
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

**AUTHORIZED REPRESENTATIVE OF THE SECRETARY OF HEALTH AND HUMAN SERVICES:**

*Ward Sorensen for*
NARAYAN NAIR, M.D.
Director, Division of Injury
Compensation Programs
Healthcare Systems Bureau
U.S. Department of Health
and Human Services
5600 Fishers Lane
Parklawn Building, Mail Stop 08N146B
Rockville, MD 20857

**ATTORNEY OF RECORD FOR RESPONDENT:**

*[signature]*
RYAN D. PYLES
Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
Tel: (202) 616-9847

Dated: April 9, 2019

6