# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: September 18, 2019

| | | |
|---|---|---|
| * * * * * * * * * * * * * | * | |
| ANDREW BARTOSIEWICZ *and* | * | |
| LONYA BARTOSIEWICZ, *parents* | * | |
| *and natural guardians of* J.B., | * | |
| *a minor*, | * | UNPUBLISHED |
| | * | |
| Petitioners, | * | No. 17-1988V |
| | * | Special Master Gowen |
| v. | * | |
| | * | Attorneys' Fees and Costs |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * | | |

Jeffrey A. Golvash, Brennan, Robins & Daley, P.C., Pittsburgh, PA, for Petitioners.
Ryan D. Pyles, United States Department of Justice, Washington, DC, for Respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On June 21, 2019, Andrew and Lonya Bartosiewicz ("Petitioners") filed a motion for attorneys' fees and costs. Petitioners' Motion for Attorney Fees ("Fees App.") (ECF No. 36). For the reasons discussed below, the undersigned **GRANTS** Petitioners' motion for attorneys' fees and costs and awards a total of **$22,988.78.**

I.    **Procedural History**

On December 20, 2017, Petitioners filed a petition in the National Vaccine Injury

---

[1] The undersigned intends to post this Ruling on the United States Court of Federal Claims' website. **This means the ruling will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

Compensation Program on behalf of their minor child, J.B.[2] Petitioners alleged that diphtheria-tetanus-acellular pertussis ("DTaP") and Hepatitis A ("Hep A") vaccines J.B. received on or about January 12, 2015 either singly or in combination caused J.B. to develop febrile seizures and/or encephalitis. Pet. at ¶ 2-4 (ECF No. 1). On April 9, 2019, the parties filed a stipulation, which I adopted as my Decision awarding damages on the same day. Decision, ECF No. 30.

On June 21, 2019, Petitioners filed a motion for attorneys' fees and costs. Petitioners request compensation for their attorney, Mr. Jeffrey Golvash, in the total amount of $24,551.33, representing $23,035.00 in attorneys' fees and $1,516.33 in costs. Fees App. at 2. Pursuant to General Order No. 9, Petitioners state that they have not personally incurred any costs related to the litigation of this matter. ECF No. 35. Respondent reacted to the fees motion on July 2, 2019, indicating that "Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case" and recommending that "the special master exercise his discretion and determine a reasonable award for attorneys' fees and costs." Response at 2-3 (ECF No. 37). Petitioners did not file a reply thereafter. The matter is now ripe for adjudication.

II. **Analysis**

Under the Vaccine Act, the special master may award reasonable attorneys' fees and costs for a petition that does not result in an award of compensation, but was filed in good faith and supported by a reasonable basis. § 300aa–15(e)(1). In this case, Petitioners were awarded compensation pursuant to a stipulation, and therefore they are entitled to an award of reasonable attorneys' fees and costs.

Petitioners "bea[r] the burden of establishing the hours expended, the rates charged, and the expenses incurred" are reasonable. *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 484 (1993). Adequate proof of the claimed fees and costs should be presented when the motion is filed. *Id.* at 484 n. 1. The special master has the discretion to reduce awards *sua sponte*, independent of enumerated objections from the respondent. *Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 208–09 (Fed. Cl. 2009); *Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313 (Fed. Cl. 2008), *aff'd* No. 99–537V, 2008 WL 2066611 (Fed. Cl. Spec. Mstr. Apr. 22, 2008).

a. **Attorneys' Fees**

Petitioners requests the following rates of compensation for their attorney, Mr. Golvash: $300.00 per hour for all work performed in 2015-2018, and $350.00 per hour for work performed in 2019. I find these requested rates to be reasonable and note that other special masters have also found them reasonable as well. *See Danchick v. Sec'y of Health & Human Servs.*, No. 17-1495V, 2019 WL 2296213 (Fed. Cl. Spec. Mstr. Mar. 28, 2019). Accordingly, no adjustment to the requested rates is necessary.

Turning next to review of the submitted billing statement, I find that the overall hours spent on this matter require a small reduction due to excessive time drafting routine legal documents.

---

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) ("Vaccine Act" or "the Act"). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

Examples include 2.0 hours billed on 1/31/18 for preparing exhibit lists and notices of filing, 0.8 hours on 2/1/18 to prepare and file the statement of completion, 1.0 hours on 5/30/18 to prepare and file a two page motion for extension of time, .6 hours on 6/28/19 to prepare a second motion for extension of time, 0.8 hours on 8/22/18 to prepare and file a notice of intent to remain in the program, and 0.5 hours on 4/19/19 to prepare and file the joint notice not to seek review. Fees App. at 2-5. In my experience, this is an excessive amount of time billed on the preparation of simple motions and other *pro forma* Vaccine Program filings.

Additionally, Mr. Golvash frequently combined multiple activities into a single billing entry, making it difficult for me to assess the reasonableness of the time spent on each task. For example, an entry on 5/2/18 for 1.5 hours reads "Review Respondent Status Report. Review Scheduling order. Follow up with client regarding settlement." Respondent's status report was one sentence, and the following scheduling order was routine and typical of Vaccine Program litigation. While I can presume that the majority of the time billed was for settlement discussions with Petitioners, billing entries such as these do not conform with the Guidelines for Practice Under the National Vaccine Injury Compensation Program ("Guidelines"), which notes that "[e]ach task should have its own line entry indicating the amount of time spent on that task. Lumping together several unrelated tasks in the same time entry frustrates the court's ability to assess the reasonableness of the request." Guidelines at 70.[3]

Accordingly, I find it reasonable to reduce the final award of attorneys' fees by 5% to account for excessive and block-billed entries. This results in a reduction of **$1,151.75**. Petitioners are therefore entitled to final attorneys' fees of **$21,883.25**.

### b. Attorneys' Costs

Like attorneys' fees, a request for reimbursement of costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests total attorneys' costs in the amount of $1,516.33. Fees App. at 2. This amount is comprised of acquiring medical records, postage, the Court's filing fee, and several copy/scanning expenses. While Petitioners have provided adequate documentation supporting the acquisition of medical records and postage, I find the copying/scanning expenses are non-reimbursable. Each of these requested costs is labeled "Copy Expense – Number and Scan" followed by the name of the medical records. Such notation makes it unclear whether counsel seeks reimbursement for making photocopies of the records or for scanning, although I note that the date listed for the expenses is 1/29/18, the same date on which a billing entry was made by Mr. Golvash's paralegal for scanning medical records, leading to me believe the cost is for scanning documents. The Vaccine Program does not reimburse for scanning documents because similar to faxes, there is no actual cost being incurred other than wear and tear on the office scanner that is typically considered part of office overhead. *See Dashty v. Sec'y of Health & Human Servs.*, No. 15-966V, 2018 WL 6990680, at *5 (Fed. Cl. Spec. Mstr. Nov. 21, 2018); *Decker v. Sec'y of Health & Human Servs.*, No. 17-853V, 2019 WL 1923650, at *2 (Fed. Cl. Spec. Mstr. Apr. 11, 2019).

Accordingly, I shall reduce the final award of costs by **$410.80** to account for the billed

---

[3] The Guidelines are available at
http://www.cofc.uscourts.gov/sites/default/files/GUIDELINES%20FOR%20PRACTICE%20-%208.22.2019.pdf.

scanning charges. Petitioners are therefore entitled to final attorneys' costs of **$1,105.53**.

III.    **Conclusion**

In accordance with the foregoing, Petitioners' motion for attorneys' fees and costs is **GRANTED**. I find that Petitioners are entitled to a reimbursement of attorneys' fees and costs as follows:

| Attorneys' Fees Requested | $23,035.00 |
| --- | --- |
| (Reduction of Fees) | - ($1,151.75) |
| **Total Attorneys' Fees Awarded** | **$21,883.25** |
|  |  |
| Attorneys' Costs Requested | $1,516.33 |
| (Reduction of Costs) | - ($410.80) |
| **Total Attorneys' Costs Awarded** | **$1,105.53** |
|  |  |
| **Total Attorneys' Fees and Costs** | **$22,988.78** |

**Accordingly, I award a lump sum in the amount of $22,988.78, representing reimbursement for Petitioners' attorneys' fees and costs, in the form of a check payable to Petitioners and their attorney, Mr. Jeffrey Golvash.**[4]

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[5]

**IT IS SO ORDERED.**

**/s/Thomas L. Gowen**
Thomas L. Gowen
Special Master

---

[4] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs," and fees for legal services rendered. Furthermore, Section 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir. 1991).

[5] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).